

**United States District Court**

**Eastern District of Pennsylvania**

Complaint

**Juried Trial? Yes.**

16 0693

**Plaintiff Information:**

Dawud Harris as known as David Harris, MSW, LSW

248 S. Camac Street, APT 4C

Philadelphia, PA 1910

**-Against-**

Pennsylvania Higher Education Assistance Agency (PHEAA) Headquarters

Pennsylvania School Services

1200 North 7th Street

Harrisburg, PA 17102

**Parties in Complaint:**

Client/Plaintiff:

Dawud Harris also known as David Harris, MSW, LSW

248 S Camac Street, apt 4C

Philadelphia, PA 19107

**Defendant No. 1**

Pennsylvania Higher Education Assistance Agency (PHEAA)

Pennsylvania School Services

1200 North 7th Street

Harrisburg, PA 17102

**Basis of Jurisdiction**

A. Federal Question

B. Ct claims an American with Diabilities Act 1990 violation. Ct believes PHEAA engaged in financial exploitation of a person with a disability, fabricating financial information on three promissory notes, 2 of which, another party filled out financial information; on one promissory note the amount requested is illegible. PHEAA, a state private loan lender, administered through AES; certified and validated the private educational loan without due diligence.

C. N/A

**Statement of Claim**

A. Where did the events giving rise to your claim occur? It is believed to be within Philadelphia County and in state of Pennsylvania

B. What date and approximate time did the events giving rise to your claim occur? The promissory notes in question are from were certified and validated by PHEAA on August 25th 2005, November 13th 2006 and May 10th 2007. The Cts signature appears on the promissory notes on August 18th 2005, November 6th 2006 and November 6th 2006. (times unknwn)

C. Facts: Client/Plaintiff reports that the financial information on the promissory notes are illegible and bear the penmanship of another person's handwriting. The promissory notes with the highest financial amounts have been pre-written and are unreadable. Since PHEAA certified the financial loans, they are believed to be the ones who must be held accountable for this grievance.

The promissory note certified by PHEAA from August 25th 2005 has illegible financial information. The promissory note certified by PHEAA from November 10th 2006 bears another person's penmanship for the financial information again. So likewise it only stands to reason that the promissory note from May 10th 2007 should be held with the same regard. Client/Plaintiff claims being in mental health treatment and while in school, suffering from cognitive impairment, a mental health professional requested that he needed auditory aids to complete assignments that required comprehension.

On August 18th 2003, client/plaintiff was homeless due to an untreated mental illness. In early 2005, Client/Plaintiff was in treatment for Bipolar Disorder w/ psychotic features. Client/Plaintiff remained in behavioral health treatment for from 2005-present.

A psychological evaluation performed on June 9, 2004 performed by Joel Fisher, Ph. D shows that Client/Plaintiff has mathematics deficit, learning disability and emotional irregularity.

Also in 2005 at Temple University where the Client/Plaintiff attended at the time, the Disability and Resource Service Center issued the Client/Plaintiff an accommodation of use of a taped, digitized or scanned text to be read to him due to comprehension and cognitive issues and medication management issues. *The onset of the mental unfitness or illness was before the issue of the promissory notes. The high of the mental health disorder lead to homelessness, academic failure and psychopathy.

*PHEAA made a claim as of late, assuming that there was an identity theft issue, <u>THERE IS NO IDENTITY THEFT ISSUE</u> nor an issue with identity stemming from mental unfitness.

On May 6th 1990, at the age of 8 years old, Dawud Harris was baptized as David Harris. The use of the name David is a baptismal rite in the Judeo-Christian religion tradition, baptismal in the Judeo-Christian faith as well as in Catholic maintains the belief that upon baptism one if born again into a new life. The use of David was used for years as his legal name, it was not until the Patriot Act was imposed that the client/plaintiffs birth name Dawud, needed to be used for the protection of our country.

Currently, the Client/Plaintiff primary source of income is Social Security Disability Insurance (SSDI) and welfare to maintain day-by-day health. Occasionally, client attempts work within his trial work period, but full-time and/or substantial gainful work activity has led to failure.

<u>Who did What?:</u> It is being claimed that PHEAA participated in the exploitation of an individual (David Harris also known as Dawud Harris) who is protected under the ADA for financial gain.

Was anyone else involved: PHEAA and the processing agency AES

Who else saw what happened: none known to the Plaintiff. However, PHEAA certified the clients/plaintiffs private educational loan, thus it is PHEAA who bears the burden. client/Plaintiff, however, can attest to mental fitness, treatment, any abiding learning aids and so forth for further examination.

**Injuries**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Despite the emotional turmoil cause by PHEAA and the processing agent AES, as well as retaliatory behave such as raising and lowering credit scores, increased and decreased interests rates, all within the scope of this ADA dispute; financial freedoms have been denial to the client/plaintiff due to the weight of the private educational loan appearing on the client's/Plaintiff's credit history/score.

**Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking and the basis for such compensation.

The client/Plaintiff requests that all three private educational loans/monies by PHEAA be discharged/cancelled, that no claims by PHEAA appear on the clients/Plaintiffs credit history, that no impact is done to the client's/Plaintiff's credit history and that any and all collection efforts end. PHEAA be not given the right to transfer balances to any lender/broker/agency and all monies to PHEAA read "paid in full." *Should the court determine that a remedy cannot be had without a juried trial, then attorney and other prestiges shall be factored into the relief.

2/12-16

TEMPLE UNIVERSITY
Student Affairs

**Disability Resources & Services**
1301 Cecil B. Moore Avenue
100 Ritter Annex
Philadelphia, PA 19122

*phone* 215-204-1280
*fax* 215-204-6794
*email* drs@temple.edu
*web* www.temple.edu/disability

***CONFIDENTIAL***
**Academic Year**

August 29, 2005

Dear Faculty Member:

**Mr. David Harris** has submitted documentation to support consideration of services under the American with Disabilities Act and Section 504. The following adjustments have been recommended for the current academic year:

- ~~Testing in a~~ **private** ~~proctored setting~~, at Disability Resources and Services, if necessary

Please note—This student may also use the following:

- Taped, digitized or scanned text materials

Please contact Disability Resources and Services at 1-1280 or visit at 100 Ritter Annex if you have any questions regarding this matter. Thank you for your cooperation.

Sincerely,
Wendy E. Kohler
Wendy E. Kohler, M.S.
Learning Disability Coordinator

.....................................................................................................

***Please return this acknowledgment to DRS at 100 Ritter Annex (004-00)***

I have received the academic adjustment letter for **Mr. David Harris** dated August 29, 2005.

| ______________________ | ______________________ |
|---|---|
| Instructor Name | Date |
| ______________________ | ______________________ |
| Signature | Office Phone |
| ______________________ | ______________________ |
| Office Location | Course |

INTERESTS AND APTITUDES:

Mr. Harris scored at the college level on the WRAT 3-Reading. This is the highest possible level on the WRAT 3-Reading. This test measures word recognition, not necessarily word comprehension. He is able to recognize simple and complex, multi-syllable words with which he is familiar and unfamiliar.

Mr. Harris scored at the 6th grade level on the WRAT 3-Math. He is able to compute basic addition, subtraction, multiplication, and division problems.

Mr. Harris scored at the college level on the WRAT 3-Spelling. This is the highest possible level on the WRAT 3-Spelling. He is able to spell simple and complex, multi-syllable words with which he is familiar and unfamiliar.

Mr. Harris' WAIS-III profile, in comparison to his WRAT 3 profile, is indicative of a learning disability.

Mr. Harris scored in the average range on the Bender Gestalt Test. His Bender reproductions were specific and accurate. He possesses average hand-eye coordination and dexterity skills.

On the Picture Interest Inventory, the following:

| | |
|---|---|
| Business | 80th Percentile |
| Interpersonal | 70th Percentile |
| Scientific | 60th Percentile |
| Aesthetic | 50th Percentile |
| Mechanical | 20th Percentile |
| Natural | 10th Percentile |

Mr. Harris' highest areas of interest are business and interpersonal. Business suggests an interest in working with computers, in sales, or in an entrepreneurial setting. Interpersonal suggests an interest in working with and helping people.

SUMMARY AND RECOMMENDATIONS:

1. Mr. David Harris is a twenty-one-year-old male who was pleasant and cooperative throughout the testing. He followed directions well and was able to work independently. Mr. Harris was motivated to perform to the best of his ability. Mr. Harris related to the examiner in an honest, open manner. He was able to complete the entire test battery.

2. Mr. Harris scored a WAIS-III Verbal I.Q. of 92, a Performance I.Q. of 113, and a WAIS-III Full Scale I.Q. of 101. Mr. Harris' WAIS-III Full Scale I.Q. of 101 places him in the average range of intelligence. The significant difference

between Mr. Harris' Verbal and Performance subtest scores may be due to his strong Performance skills. Mr. Harris is a talented individual who is capable of learning new academic and vocational skills. His WAIS-TTT profile, in comparison to his WRAT 3 profile, is indicative of a learning disability in the mathematics area. Mr. Harris possesses the intellectual ability necessary for a rehabilitation program.

The Sentence Completion Test suggests that Mr. Harris is a well-intentioned individual who is motivated to improve his present life circumstances. Mr. Harris continues to come to terms with the realities of his medical and emotional condition. He is a thoughtful, introspective individual. The Human Figure Drawing Test suggests that Mr. Harris continues to deal with age-appropriate issues related to identity and self-esteem. He has the desire and the ability to develop and sustain meaningful relationships with others. The Clinical Interview confirms that, at present, Mr. Harris' moods appear stable and his thinking is clear. He has achieved a level of emotional maturity necessary to make a vocational choice.

Mr. Harris' history of bipolar disorder and his learning disability represent functional limitations to him working in a highly stressful, pressured environment without counseling and psychiatric support. In addition, Mr. Harris' history of bipolar disorder and his learning disability represent functional limitations to him working in a highly complex environment without academic support.

3. Mr. Harris is a talented individual who is capable of learning new academic and vocational skills. Based on this psychological evaluation, the following recommendations:

A. Mr. Harris would benefit from academic support. He maintains the potential to improve upon his basic academic skills, particularly in mathematics.

B. Mr. Harris would benefit from counseling and psychiatric support. Counseling would help Mr. Harris improve his self-confidence and self-esteem. Psychiatric consults are indicated in order to ensure that Mr. Harris be properly medicated to sustain his present emotional stability.

C. With academic, counseling, and psychiatric support, it is suggested that Mr. Harris consider the following types of employment:

-- Computer Operations: Mr. Harris has a high level of interest in this area and has the ability to do this type of work.
-- Data Entry
-- Office Clerk
-- Researcher
-- Medical Technician

employment history consists primarily of working in a restaurant
for approximately one year.

Mr. Harris has been diagnosed with bipolar disorder.  He
has been prescribed medication to help him deal with his
emotional condition.

INTELLECTUAL ASSESSMENT:

On the Wechsler Adult Intelligence Scale (WAIS-III), the
following:

| | |
|---|---|
| Verbal I.Q. | 92 |
| Performance I.Q. | 113 |
| Full Scale I.Q. | 101 |

Mr. Harris scored a WAIS-III Full Scale I.Q. of 101,
placing him in the average range of intelligence.  The
significant difference between Mr. Harris' Verbal I.Q. and
Performance I.Q. scores may be due to his strong Performance
subtest skills.

More specifically, Mr. Harris scored as follows on the
WAIS-III subtests:

| VERBAL | | PERFORMANCE | |
|---|---|---|---|
| Information | 12 | Picture Completion | 12 |
| Digit Span | 7 | Picture Arrangement | 9 |
| Vocabulary | 10 | Block Design | 12 |
| Arithmetic | 5 | Matrix Reasoning | 12 |
| Comprehension | 9 | Digit Symbol | 15 |
| Similarities | 10 | | |

The WAIS-III scaled scores range from one to nineteen with
the average equaling ten.

On the Verbal subtests, Mr. Harris scored best in
Information, a subtest which assesses an individual's general
fund of knowledge.  He possesses a solid vocabulary with which
to express his feelings and emotions.  Anxiety may often
interfere with his ability to fully perform his best.

On the Performance subtests, Mr. Harris scored best in
Digit Symbol, a subtest which assesses hand-eye coordination and
dexterity skills.  He is able to solve problems both logically
and abstractly.  He is able to apply learned principles to new
situations.

**Joel H. Fish, Ph.D.**
*Licensed Psychologist*

Medical Tower Building
255 S. 17th Street - Suite 1408
Philadelphia, PA 19103
(215) 735-6280/Fax (215) 735-6255

2285 Cross Road
Glenside, PA 19038
(215) 887-0267
Fax (215) 735-6255

12 Penns Trail
Newtown, PA 18940
(215) 968-0500
Fax (215) 735-6255

June 9, 2004

# PSYCHOLOGICAL ASSESSMENT

NAME OF CLIENT: Mr. David Harris
DATE OF BIRTH: June 5, 1983
REASON FOR REFERRAL: Intellectual, Personality, and Vocational Assessment for the Office of Vocational Rehabilitation
COUNSELOR: Ms. Agarwal
DATE OF TESTING: June 2, 2004

## TESTS ADMINISTERED:

Bender Visual Motor Gestalt Test
Wechsler Adult Intelligence Scale-3rd edition (WAIS-III)
Wide Range Achievement Test 3-Reading (WRAT 3-R)
Wide Range Achievement Test 3-Math (WRAT 3-M)
Wide Range Achievement Test 3-Spelling (WRAT 3-S)
Human Figure Drawing Test (HFDT)
Sentence Completion Test (SCT)
Picture Interest Inventory (PII)
Clinical Interview

## TEST BEHAVIOR:

Mr. David Harris is a twenty-one-year-old male who was pleasant and cooperative throughout the testing. He followed directions well and was able to work independently. Mr. Harris demonstrated positive social skills in relating to the examiner. He was able to complete the entire test battery.

## SIGNIFICANT SOCIAL FACTORS:

Mr. Harris was born in Philadelphia, moved away from Philadelphia for several years, and moved back to Philadelphia in May of 2003. He is single, has no children, and currently lives alone.

Mr. Harris reports having completed the 12th grade as well as two years of college in terms of his formal education. His

Mr. Harris represents a qualified candidate for a rehabilitation program.

Submitted by: ______________________
Joel H. Fish, Ph.D.
Psychologist

JHF/dls

# Certificate of Baptism

ST. MADELEINE SOPHIE CHURCH
6440 GREENE STREET
PHILADELPHIA, PA 19119

**This is to Certify**

That *David Harris*

Child of *David Harris*

and *Crystal Dash*

born in *Philadelphia* (CITY) *PA* (STATE)

on the *5th* day of *June* 19*82*

was **Baptized**

on the *6th* day of *May* 19*90*

According to the Rite of the Roman Catholic Church

by the Rev. *John S Heim*

the Sponsors being *Vincent Clear* / *Leeann Harris*

as appears from the Baptismal Register of this Church.

Dated *January 3, 2001* *Leo P. Oswald*

SEAL *Leo P. Oswald* PASTOR ASSISTANT

Jefferies and Manz, Inc., Phila., Pa.



POLICE
PFFCU
and FIRE
FEDERAL
CREDIT UNION

901 Arch Street,
Philadelphia, PA 19107-2495
215/931-0300 | 800/228-8801
www.pffcu.org

Ready to Refinance or Purchase a Home?
Trust PFFCU
for great, low mortgage rates, low fees, and a variety of terms to fit your needs.
See *The Shield* for details.

1048784 000003 000109
DAWUD E HARRIS
248 S CAMAC ST
PHILADELPHIA PA 19107

ACCOUNT NUMBER: 0092333901
STATEMENT PERIOD FROM 01/01/16 TO 01/31/16

| BALANCE SUMMARY | Beginning Balance | Ending Balance |
|---|---|---|
| Total Regular Share Balance | 32.04 | 69.29 |

| | S0001 SAVINGS | Deposit/Credit | Withdrawal/Debit | Fee | Balance |
|---|---|---|---|---|---|
| | **BEGINNING BALANCE** | | | | 5.00 |
| 01/07 | Deposit at ATM #006483<br>POLICE & FIRE 901 ARCH STREET PHILADELPHIA PA XK9232 | 100.00 | | | 105.00 |
| 01/07 | Withdrawal at ATM #006484<br>POLICE & FIRE 901 ARCH STREET PHILADELPHIA PA XK9232 | | - 100.00 | | 5.00 |
| 01/12 | Deposit at ATM #007173<br>POLICE & FIRE 901 ARCH STREET PHILADELPHIA PA XK9232 | 60.00 | | | 65.00 |
| 01/12 | Withdrawal at ATM #007174<br>POLICE & FIRE 901 ARCH STREET PHILADELPHIA PA XK9232 | | - 60.00 | | 5.00 |
| 01/16 | Deposit at ATM #007899<br>POLICE & FIRE 901 ARCH STREET PHILADELPHIA PA XK9232 | 80.00 | | | 85.00 |
| 01/16 | Withdrawal at ATM #007900<br>POLICE & FIRE 901 ARCH STREET PHILADELPHIA PA XK9232 | | - 80.00 | | 5.00 |
| 01/21 | Deposit at ATM #008764<br>POLICE & FIRE 901 ARCH STREET PHILADELPHIA PA XK9232 | 40.00 | | | 45.00 |
| 01/21 | Withdrawal at ATM #008765<br>POLICE & FIRE 901 ARCH STREET PHILADELPHIA PA XK9232 | | - 40.00 | | 5.00 |
| 01/25 | Withdrawal RETURN CHECK | | - 40.00 | | - 35.00 |
| 01/25 | Withdrawal RETURN CHECK FEE | | - 10.00 | | - 45.00 |
| 01/28 | Deposit Transfer From Share 0004<br>Neg Balance Xfr | 50.00 | | | 5.00 |
| | **ENDING BALANCE** | | | | 5.00 |

**Indicates Effective Date*

NOTICE: See reverse side for important information

DL01002-1048784-1

For a Personal Line of Credit (PLOC), we calculate the Finance Charge on your account each day by taking the ending balance for that day multiplied by the daily periodic rate. The ending balance each day is determined by taking the previous day's ending balance, adding any new advances and fees, and subtracting any payments. Payments are first applied to any unpaid finance charges before being applied to the outstanding balance. For PLOC advances, the Finance Charge begins to accrue on the date of the advance and accrues for each day the balance remains unpaid.

***Billing Rights Summaries***

In Case of Errors or Questions About Your Statement (Home Equity Lines of Credit)

**Notify us in case of errors or questions about your statement.** If you think your statement is wrong, or if you need more information about a transaction on your statement, write to us at the address listed below as soon as possible. You may also contact us on our website at the address shown below. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and account number
- The dollar amount of the suspected error
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item in question as clearly as you can.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your statement that are not in question. While we investigate your questions, we cannot report you as delinquent or take any action to collect the amount you question.

***What To Do If You Think You Find A Mistake On Your Statement (Open-Ended Credit)***

If you think there is an error on your statement, write to us at the address listed below as soon as possible. You may also contact us at memberservice@pffcu.org.

In your letter, give us the following information:

- Your name and account number
- The dollar amount of the suspected error
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item in question as clearly as you can.

You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors in writing (or electronically). You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

***In Case of Errors or Questions About Electronic Transfers***

Telephone us at **215/931-0300 or 800/228-8801**, or write us at the address below as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number (if any).
2. Describe the error or the transfer you are unsure about, and explain, as clearly as you can why you believe it is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete the investigation.

***In Case of Errors or Questions About Share Transactions (Excluding Electronic Transfers) That Appear on Your Statement***

You must contact PFFCU, in writing, within 60 days after we send you the FIRST statement on which the problem or error appeared. Please list your name, your account number and describe the alleged error.

**Errors must be reported to us at the address below.**

**Police and Fire Federal Credit Union**
**Member Research Department**
**4 Greenwood Square**
**3325 Street Road**
**Bensalem, PA 19020**
**215/931-0300 or 800/228-8801**
**www.pffcu.org • email: memberservice@pffcu.org**

To Report a Lost or Stolen ATM Card or PFFCU Debit Card, call 215/931-2409
To Report a Lost or Stolen PFFCU VISA Credit Card, call 800/325-3678

Dividends shown, if over $10, will be reported to the Internal Revenue Service for this calendar year.

1. Review your check copies and check register and highlight each deposit and credit that appear on this statement. If you have any outstanding deposits or credit items that are not shown on this statement, list the amounts in the **Deposits Not Listed on the Statement** chart below. Also list any deposits or other credits still outstanding from a previous statement. **Total and enter on Line 3.**

Review your check copies and check register and highlight each check, debit card purchase, fee, or other debit listed on this statement. If you have any outstanding checks or other debit items that are not shown on this statement, list the amounts in the **Checks & Debits Not Listed on the Statement** chart. Also list any checks or other debits still outstanding from a previous statement. **Total and enter on Line 5.**

2. ____________ Enter ending S0004 balance from statement
3. + ____________ Enter total from Line 3 of chart below
4. ____________ Subtotal of lines 2 and 3
5. − ____________ Total from Line 5 of chart below
6. ____________ Subtract line 5 from line 4 and enter.

**This is your Account Balance.**

7. ____________ Enter check register balance
8. + ____________ Review this statement, and total any deposits or other credits that are listed on the statement, but not listed in your check register. Enter the total amount here. Also enter that amount in your check register.
9. ____________ Subtotal of lines 7 and 8
10. − ____________ Review this statement, and total any withdrawals or other debits that are listed on the statement, but not listed in your check register. Enter the total amount here. Also subtract that amount from your check register.
11. ____________ Subtract line 10 from line 9 and enter. **This is your Check Register Balance.** It should now be the same as the Account Balance on line 6.

**Deposits Not Listed on the Statement**

| Date | Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | 3. Total |

**Checks & Debits Not Listed on the Statement**

| Check # | Date | Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | 5. Total |



| S0004 CHECKING | | Deposit/Credit | Withdrawal/Debit | Fee | Balance |
|---|---|---|---|---|---|
| | **BEGINNING BALANCE** | | | | 27.04 |
| 01/01* | Withdrawal Debit Card DEBIT-PURCHASE<br>SAXBYS COFFEE - 1030 PHILADELPHIA PA | | - 1.35 | | 25.69 |
| 01/01* | Withdrawal Debit Card DEBIT-PURCHASE<br>MARKET WEST PHILADELPHIA PA | | - 11.50 | | 14.19 |
| 01/01 | Withdrawal Debit Card DEBIT-PURCHASE<br>FLP CHARLES SANTORE LIBR PHILADELPHIA PA | | - 5.00 | | 9.19 |
| 01/01 | Withdrawal POS #523206<br>WAWA 8069 201 SOUTH BROAD ST PHILADELPHIA PA | | - 1.49 | | 7.70 |
| 01/02 | Withdrawal Debit Card DEBIT-PURCHASE<br>THE MARKET BAKERY PHILADELPHIA PA | | - 2.50 | | 5.20 |
| 01/02 | Withdrawal Debit Card DEBIT-PURCHASE<br>MAOZ VEGETARIAN - 2 PHILADELPHIA PA | | - 4.30 | | 0.90 |
| 01/03 | Recurring Withdrawal Bill Payment #396152<br>TMOBILE FDP BELLEVUE WA | | - 69.87 | | - 68.97 |
| 01/03 | Withdrawal Courtesy OD Fee | | - 6.00 | | - 74.97 |
| 01/06 | Withdrawal ACH HARLAND CLARKE<br>DATA: CHECK ORDER BILLING | | - 18.13 | | - 93.10 |
| 01/11 | Check 000101 | | - 100.00 | | - 193.10 |
| 01/11 | Withdrawal Courtesy OD Fee | | - 19.00 | | - 212.10 |
| 01/13 | Check 000102 | | - 60.00 | | - 272.10 |
| 01/13 | Withdrawal Courtesy OD Fee | | - 19.00 | | - 291.10 |
| 01/19 | Withdrawal Debit Card DEBIT-PURCHASE<br>MEETUP.COM 877-633-8870 NY | | - 14.99 | | - 306.09 |
| 01/19 | Withdrawal Courtesy OD Fee<br>MEETUP.COM FOR $14.99 | | - 6.00 | | - 312.09 |
| 01/20 | Check 000127 | | - 80.00 | | - 392.09 |
| 01/20 | Withdrawal Courtesy OD Fee | | - 19.00 | | - 411.09 |
| 01/22 | Withdrawal NSF FEE 000103<br>In the amount $40.00. | | - 19.00 | | - 430.09 |
| 01/28* | Deposit ACH HARCUM JUNIOR CO | 705.73 | | | 275.64 |
| 01/28 | Withdrawal POS #537746<br>Wal-Mart Super Center 2141 WAL-SAMS PHILADELPHIA PA | | - 31.33 | | 244.31 |
| 01/28 | Withdrawal POS #412143<br>MRCOS FISH & CRAB HOUS PHILADELPHIA PA | | - 7.30 | | 237.01 |
| 01/28 | Withdrawal POS #516716<br>WHOLEFDS SOS 101 929 Sout South Street PA | | - 24.90 | | 212.11 |
| 01/28 | Withdrawal POS #612225<br>CVS/PHARMACY #00 00826--S PHILADELPHIA PA | | - 5.90 | | 206.21 |
| 01/28 | Withdrawal Transfer To Share 0001<br>Neg Balance Xfr | | - 50.00 | | 156.21 |
| 01/28 | Withdrawal POS #904651<br>WHOLEFDS SOS 101 929 Sout South Street PA | | - 9.66 | | 146.55 |
| 01/29 | Withdrawal Debit Card DEBIT-PURCHASE<br>NUTS TO YOU PHILADELPHIA PA | | - 0.99 | | 145.56 |
| 01/29 | Withdrawal POS #062762<br>DOLLAR GENERAL 2715 S FRONT ST PHILADELPHIA PA | | - 2.16 | | 143.40 |

Continued

*Indicates Effective Date*

| S0004 CHECKING | | Deposit/Credit | Withdrawal/Debit | Fee | Balance |
|---|---|---|---|---|---|
| 01/29 | Withdrawal POS #474620<br>ALDI 60050 06236100050 2603 S. FRONT PHILADELPHIA PA | | - 12.32 | | 131.08 |
| 01/29 | Withdrawal Debit Card DEBIT-PURCHASE<br>TALULA S GARDEN PHILADELPHIA PA | | - 5.40 | | 125.68 |
| 01/29 | Withdrawal POS #845580<br>WHOLEFDS SOS 101 929 Sout South Street PA | | - 10.96 | | 114.72 |
| 01/29 | Withdrawal POS #029989<br>TRADER JOE'S # 634 PHILADELPHIA PA | | - 29.71 | | 85.01 |
| 01/30 | Withdrawal POS #828150<br>CVS/PHARMACY #01 01545--1 Philadelphia PA | | - 6.47 | | 78.54 |
| 01/30 | Withdrawal POS #616840<br>WHOLEFDS SOS 101 929 Sout South Street PA | | - 5.73 | | 72.81 |
| 01/31 | Withdrawal POS #603195<br>WAWA 8069 201 SOUTH BROAD ST PHILADELPHIA PA | | - 3.24 | | 69.57 |
| 01/31 | Withdrawal POS #103284<br>WHOLEFDS SOS 101 929 Sout South Street PA | | - 5.28 | | 64.29 |
| | **ENDING BALANCE** | | | | 64.29 |

Total Deposits and Other Credits $705.73 Total Withdrawals and Other Debits -$668.48

## SUMMARY OF CLEARED CHECKS

**0101, 0102, ****, 0127**

## COURTESY OVERDRAFT AND RETURNED ITEM FEES SUMMARY

| | This Period | Total Year-To-Date |
|---|---|---|
| Total Courtesy Overdraft Fees: | 69.00 | 69.00 |
| Total Returned Item Fees: | 19.00 | 19.00 |

## YEAR-TO-DATE TOTALS

| | Amount |
|---|---|
| Total Year-to-Date Non-IRA Earnings | 0.00 |

If Non-IRA Earnings shown above are greater than $10.00, they will be reported to the IRS

*Indicates Effective Date



aes
American Education Services

THIS LETTER IS FOR YOUR INFORMATION ONLY.

0020200025600

January 2, 2016

#BWNDHKB
#B871 9355 7201 02L8#
DAVID E HARRIS
248 S CAMAC ST APT 4C
PHILADELPHIA PA 19107-5681

Account Number: 594217 1699

**Why We Are Contacting You**
To inform you of a change in the variable interest rate on your loans listed on the reverse side of this letter.

**What This Means To You**
If your loans are in repayment, your scheduled monthly installment amount may change. Any change will be reflected in a Repayment Summary letter we will send to you and will also be listed on your next billing statement.

**Additional Information You May Find Helpful**
Visit AesSuccess.org for additional loan interest information, and alternative payment methods such as *Direct Debit* and our online Payment Center.

P.O. Box 2461, Harrisburg, PA 17105-2461 | M-F 7:30 AM to 9:00 PM (ET) | 800-233-0557 | International 717-720-3100 | 717-720-3916 | 711
AesSuccess.org

SXM2 PS06BRATE 5942171699 COM1CL 00059160010023068

**LOAN INFORMATION**

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|
| KEYX | PHEAA SEC | 09/28/2005 | 3.375% | 01/01/2016 |
| KEYX | PHEAA SEC | 11/20/2006 | 3.375% | 01/01/2016 |
| KEYX | PHEAA SEC | 06/07/2007 | 3.375% | 01/01/2016 |



September 18, 2015

# MONTHLY BILL

**Name: DAVID E HARRIS**
**Account Number: 59 4217 1699**

| Payment Summary | |
|---|---|
| Amount Past Due | $9,794.44 |
| Late Fees Assessed | $885.00 |
| Current Payment Due | $109.08 |
| **Total Due by 10/08/2015** | **$10,788.52** |

## YOUR LOAN DETAILS

| Loan Sequence | Date Disbursed | Loan Program | Original Balance | Current Balance | Interest Rate | Monthly Payment | Past Due | Current Due |
|---|---|---|---|---|---|---|---|---|
| *1013 | 09/28/2005 | KEYX | $6,184.00 | $7,172.17 | 3.250% | $59.08 | $5,494.44 | $59.08 |
| *1017 | 11/20/2006 | KEYX | $5,000.00 | $5,574.98 | 3.250% | $50.00 | $4,300.00 | $50.00 |

Late fees will be assessed in accordance to the requirements set forth by the loan owner. Each unique owner/loan program may have differing late fee requirements. The owner will assess late fees on any loans listed above that are identified with an asterisk. If there are dates listed below the heading 'Received After This Date', which are prior to the date you are making your payment, add the corresponding Late Fee(s) to be Assessed to the total amount due on the tear-off section of the statement.

| Received After This Date | Late Fee to be Assessed |
|---|---|
| 09/22/2015 | $10.00 Late fee to be assessed if payment not received for prior statement |
| 10/22/2015 | $10.00 |

| Total paid since your last statement | $0.00 |
|---|---|
| Interest Satisfied | $0.00 |
| Principal Satisfied | $0.00 |
| Late Fees Paid | $0.00 |

| As of today, you've paid on your loans | $0.00 |
|---|---|
| Total Interest Satisfied | $0.00 |
| Total Principal Satisfied | $0.00 |
| Total Late Fees Paid | $0.00 |

**You may be required to remit your full monthly installment amount, even if your loan(s) are paid ahead, in order to maintain reduced interest rate eligibility under any applicable Repayment Incentive Program offered by your lender(s). Contact us for details.**

**Make checks payable to American Education Services and include your 10 digit account number.**

**Customer Statement** (IF LATE, SEE ABOVE)

Amount Enclosed: Do not write dollar sign in boxes below or on check.

| Account Number: | Due Date: | | Total Amount Due: |
|---|---|---|---|
| 59 4217 1699 | 10/08/2015 | $ | $10,788.52 |

2015261015942171699100107885200000000000000006

#BWNDHKB
#B871 9355 7209 18L2#
DAVID E HARRIS
248 S CAMAC ST APT 4C
PHILADELPHIA PA 19107-5681

AMERICAN EDUCATION SERVICES
PAYMENT CENTER
HARRISBURG PA 17130-0001

C,,BRLP

## PAYMENTS

**WAYS TO PAY:**

- **Pay Automatically: aesSuccess.org/DirectDebit**
  Sign up today to start saving time and money with Direct Debit, our free automated payment service. You may even qualify for an interest rate reduction!
- **Pay Online: aesSuccess.org**, via Account Access
- **Pay By Phone: 1.800.233.0557**, via self-service option or **Pay By Smartphone**
- **Pay By Mail** or **Pay By Bill Payer Service:**
  American Education Services, Payment Center, Harrisburg, PA 17130-0001
  Include your AES account number on a check or money order made payable to American Education Services. All payments must be drawn on U.S. banks in U.S. currency. Do not send cash.

**PAYMENT PROCESSING AND APPLICATION:** Payments made online, by phone or through our Direct Debit service may not immediately be visible on your account.

Payments are applied the date received by AES and will typically be viewable on your account within 2 business days (Monday-Friday, excluding holidays). We typically apply payments first to outstanding accrued interest and the remainder to principal balance, unless late fees have been assessed. If you have a Private Education Loan(s), please review your promissory note or call 1.800.233.0557 to find out how your payments are applied. To learn more about applying payments and targeting payments, visit aesSuccess.org/PaymentApplication.

**PAYMENTS IN FULL:** The balance on this bill is *NOT* a payoff amount, as it may not include all accrued interest or fees. To obtain a valid payoff amount, sign into Account Access at aesSuccess.org or call 1.800.233.0557. Insufficient payoff amounts may be returned. Send payoff amounts to:

AES/Paid in Full, PO Box 2251, Harrisburg, PA 17105-2251

**PAID AHEAD STATUS:** Depending on your lender's policy, you may be required to remit your full monthly installment amount, even if your loan(s) are paid ahead, in order to maintain reduced interest rate eligibility under any applicable Repayment Incentive Program offered by your lender(s). Contact us for details on the requirements applicable to your lender's policy. Unless you specify otherwise, any additional amount you send with your payment in excess of your current amount due will be applied to satisfy outstanding installments (pro-rated across all loans). EXCEPTION: If you are *billed for $0.00 under the Income-Based Repayment Schedule option or are on a reduced payment forbearance, payments will not satisfy future installments.* If your additional amount only partially satisfies a future installment, your Total Amount Due on your next bill will be the portion not satisfied by your additional amount.

If you have satisfied a full future installment, your Total Amount Due could be $0.00. If you receive a bill for $0.00 amount due, you may continue to make payments since interest accrues daily on your outstanding principal balance.

**AUTHORIZATION FOR ELECTRONIC DEBIT:** If you pay by check, you authorize us to make a one-time electronic fund transfer from your bank account or to process the payment as a check transaction. Funds may be withdrawn from your bank account on the day that we receive your check, and you may not receive your check back from your financial institution.

**CREDIT REPORTING:** We may report information about your account to consumer reporting agencies. Late payments, missed payments or defaults on your account may be reflected in your credit report.

**CONSOLIDATION LOANS:** A consolidation loan is considered a single loan, even in instances where it includes a SUBCNS (subsidized) and an UNCNS (unsubsidized) portion.

**COSIGNER NOTICES:**

- **Notice to Michigan Residents:** If a PAST DUE amount is reflected under the LOAN INFORMATION section of this letter, the student borrower on the loan(s) has become delinquent. If you are the cosigner, you are responsible for payment. You have 30 days from the date of this letter to either pay the Past Due amount or contact us to make a payment arrangement.
- **Notice to Illinois Residents:** If a PAST DUE amount is reflected under the Loan Information section of this letter, the student borrower on the loan(s) has become delinquent. If you are the cosigner, you are responsible for payment. You have 15 days from the date of this letter to either pay the Past Due amount or contact us to make a payment arrangement.

## PAYMENT ASSISTANCE

If you are unable to afford your student loan payment(s), there may be options such as:

- Lowering your monthly payments*
- Changing your payment due date
- Temporarily postponing your payments*
- Reducing or "cancelling" your loan(s)*

** May be subject to eligibility requirements*

**PRIVATE EDUCATION LOAN REPAYMENT PLANS:** If you have a Private Education Loan(s), please call 1.800.233.0557 to learn about repayment plan options.

**FFELP REPAYMENT PLANS:** Below are repayment plans that might be available (visit **aesSuccess.org** for eligibility rules and other important information):

- Standard
- Graduated
- 25-Year Extended Repayment
- Income-Sensitive Repayment
- Income-Based Repayment

You may change your repayment plan annually, but may request Income-Based Repayment at any time. For more information or to request a plan, visit **aesSuccess.org** or call 1.800.233.0557. You can also explore your options at the U.S. Department of Education's website, studentaid.gov.

If you are having financial difficulty, you (and your cosigner, if applicable) may qualify for temporary suspension or reduction of your monthly payment through a deferment or forbearance. To determine if you qualify, log into your account online and take our Postpone Payment Eligibility quiz.

If you have a Private Education Loan(s), please call **1.800.233.0557** to learn more about possible deferment or forbearance options that may be available to you.

- If you apply and are approved for a deferment or forbearance, you remain obligated to repay your loan(s).
- Interest continues to accrue on your loan(s) during a deferment or forbearance. Any interest that you do not pay will be capitalized (see explanation below) at the end of the deferment or forbearance period.
- You have the right to cancel a deferment or forbearance at any time and continue paying on your loan(s).

## INTEREST ACCRUAL

Interest accrues on your student loan(s) daily, even if your loan(s) is not in repayment. When you make a payment, it can only satisfy interest that has accrued on your loan(s) up to the date the payment is applied. Your payments cannot satisfy future interest.

**CAPITALIZATION:** This is the addition of unpaid interest to the principal balance of your loan(s) at the end of grace, deferment or forbearance. This will increase your student loan debt, may result in a higher monthly installment amount, and it may take you longer to pay off your student loan(s).

You are responsible for all of the interest that accrues during a forbearance. Any interest that you do not pay during the forbearance will be capitalized at the end of the forbearance. During a deferment, the government pays the interest that accrues on your subsidized federal student loan(s); however, you remain responsible for interest that accrues on your unsubsidized federal student loan(s) and Private Education Loan(s). Any interest that you do not pay on your unsubsidized federal student loan(s) or Private Education Loan(s) during a deferment will be capitalized at the end of the deferment.

To avoid capitalization of interest, limit the use of forbearances or deferments or pay the interest that accrues during these periods, if you are able to do so.

A late payment results in additional interest accrual and potential late charges, as authorized by your promissory note and your lender's policy. To avoid additional interest accrual and, depending on your lender's policy, late charges, pay the entire monthly installment amount on or before the due date each month. Contact us for details.

## QUESTIONS?

Visit aesSuccess.org
or call 1.800.233.0557, TTY: Dial 711
Monday - Friday 7:30AM - 7:00PM ET

**Correspondence Address:**
American Education Services
PO Box 2461
Harrisburg, PA 17105-2461

**Credit Dispute Address:**
AES Credit
PO Box 61047
Harrisburg, PA 17106-1047

**Do not send payments to the addresses above.** Sending payment to these addresses will cause a delay and could cause your loan(s) to show past due.

## SAVE TIME & MONEY WITH ACCOUNT ACCESS!

Sign up today at **aesSuccess.org**

Make Payments • Review Account History • Go Paperless
Explore Repayment Plan Options • Update Contact Information

## FOR OUR SERVICEMEMBERS

Learn about the benefits that you may be eligible for, including the Servicemembers Civil Relief Act (SCRA), at **aesSuccess.org/Servicemembers**.


51 61 67071 Keystone EXTRA CORRECTION APPLICATION OE - 8289 24 KY NOV 13 2006

A Lot of hand writing on form

**SECTION I. Student Borrower Information — Keystone EXTRA LOAN APPLICATION** Please print neatly or type. See instructions for assistance.

1. Borrower's First Name: DAVID | Middle Initial: | Last Name: HARRIS | 2. Date of Birth: [redacted] | 3. Social Security No.: [redacted] - 1366

4. Permanent Mailing Address: 248 S. Green St Apt 2D | City: Phila | State: PA | Zip: 19107 | 5. Years/Months There: Yr. Mos. 7

6. Previous Address (if less than two (2) years at above address): 2041 Walnut St Apt 2F | City: Phila | State: PA | Zip: 19103 | 7. Years/Months There: Yr. 1 Mos.

8. Phone (267) 241-6168 Alternate ( ) - | 9. ☒ U.S. Citizen ☐ Other ☐ Permanent Resident Alien | 10. Enrollment: ☒ Full-time ☐ Half-time ☐ Less Than Half-Time | 11. Grade Level: Undergrad. 1☐ 2☐ 3☐ 4☒ 5☐ Graduate 6☐ 7☐ 8☐ 9☐ | 12. Expected Grad. Date: Mon. 12 Yr. 07

13. Have You Ever Defaulted On A Student Loan or Declared Bankruptcy: ☐ Yes ☒ No | 14. Have You Ever Borrowed Through TERI Before: ☒ Yes ☐ No | 15. Name of College or School you will attend: Temple University

City: Phila | State: PA | 16. School Code | 17. $ 5000 .00 AMOUNT REQUESTED annual minimum $1,500.00; annual maximum, please see instructions

18. Name of Employer: Starbucks Coffee Co. | 19. Employer's Address: 10th & Chestnut St | City: Phila | State: PA | Zip: 19107

20. Years/Months There: Yr. 4 Mos. 7 (see instructions if less than 24 mos.) | 21. ☒ Salaried ☐ Self-Employed ☐ Retired | 22. Bus. Phone ( ) - 215-925-5725 | 23. Gross Monthly Income $ 850

24. Other Gross Monthly Income $ 0 | 25. Source of Other Monthly Income N/A | IMPORTANT: Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not wish to have them considered as a basis for repaying this obligation. | 26. Alimony/Child Support Payment (monthly) $ N/A

27. Nearest Relative or Friend Not Living With You First Name: Dan [illegible] | Middle Initial | Last Name: McVay | Home Phone [redacted] Bus. Phone ( ) -

28. Street Address [redacted] | City [redacted] | State [redacted] | Zip [redacted]

29. Nearest Relative or Friend Not Living With You First Name: Arnold | Middle Initial: H. | Last Name: Fallon | Home Phone [redacted] Bus. Phone ( ) -

30. Street Address [redacted] | City [redacted] | State [redacted] | Zip [redacted]

Correction Form

**SECTION II. Co-Signer Information**

31. Co-Signer's First Name | Middle Initial | Last Name | 32. Date of Birth / / | 33. Social Security Number

34. Permanent Address | City | State | Zip | Home Phone ( ) -

35. ☐ Rent ☐ Live w/ Others ☐ Own/Buying | 36. Years/Months There: Yr. Mos. | 37. Driver's License Number | Drivers License State

38. Monthly Rent/Mortgage Payment (including home equity) $ | 39. ☐ U.S. Citizen ☐ Permanent Resident Alien ☐ Other

40. Previous Address (if less than two (2) years at above address) | City | State | Zip | 41. Years/Months There: Yr. Mos.

42. Name of Employer | 43. Employer's Address | City | State | Zip

44. Years/Months There: Yr. Mos. (see instructions if less than 24 mos.) | 45. ☐ Salaried ☐ Self-Employed ☐ Retired | 46. Business Phone ( ) -

IMPORTANT: Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not wish to have them considered as a basis for repaying this obligation. | 47. Gross Monthly Income $ | 48. Other Gross Monthly Income $ | 49. Source of Other Monthly Income

50. Alimony/Child Support Payment (monthly) $ | 51. Have You Ever Borrowed Through TERI Before: ☐ Yes ☐ No | 52. Have You Ever Defaulted On A Student Loan or Declared Bankruptcy: ☐ Yes ☐ No If Yes Please Explain:

**SECTION III. Student Borrower's and Co-Signer's Income Verification**

Please refer to this section on the attached "Application Borrower and Co-Signer Instruction" form.

**SECTION IV. Certification & Signatures**

Disclosure Statement: To the best of my knowledge, everything disclosed on this form is true and complete. I authorize the Lender and The Education Resources Institute ("TERI"), and/or my school to use any information on this application for obtaining my address. I hereby authorize the Lender, TERI and their agents, subsequent holders and the guarantor to disclose, discuss and make inquiries regarding any information relating to this application and the loan based upon this application whenever the disclosure of the information is necessary for the processing of this application or the servicing, transfer, or collection of the loan. The information about my application and my loan account may be furnished and shared during the life of the loan with subsequent holders of the loan, contractors and agents who assist the Lender, TERI, or their respective subsidiaries and affiliates, credit bureaus, parents or relatives listed on the loan application, guarantor or federal or state agencies or private parties who may be able to provide information necessary for the processing of my loan application or to assist in the servicing or collection of the loan, and others who require the Lender or TERI to verify the condition and existence of my loan. I understand I will be sent a disclosure and will have the option to choose my repayment plan after my loan is disbursed. A copy of this authorization may be deemed to be an original. I understand that the proceeds from this loan are to be used for educational expenses only. **PLEASE REVIEW BOTH SIDES OF THE FORM BEFORE SIGNING.**

53. Student Borrower Signature [signature] Date 11/6-06

54. Co-Signer Signature Date

## I. PROMISE TO PAY

I promise to pay to the order of Pennsylvania Higher Education Assistance Agency (PHEAA), or any subsequent holder of this Note, upon the terms and conditions of this Note, the Principal amount, together with interest on the Principal, interest on any unpaid accrued interest added to Principal, prepaid finance charge and all other costs, fees and expenses.

## II. DEFINITIONS

1. "I", "me", "my" and "mine" mean the undersigned borrower and co-signer individually and collectively. "You", "your", "yours" and "Lender" means the initial lender and holder of this Note, PHEAA, P.O. Box 2165, Harrisburg, PA 17105-2165. The Education Resources Institute, Inc. ("TERI") in its role as guarantor and any subsequent holder of this Note.
2. "Disbursement Date" means the date(s) on which you disburse funds to me or on my behalf in consideration for this Promissory Note. If my loan is disbursed by check, it will be the date shown on the loan check (not the date on which I endorse or negotiate my check); otherwise, it will be the date my loan funds are transferred to the School.
3. "Interest Rate" means a variable rate calculated by the Lender or its agent based on the average of the bond equivalent rate for the ninety-one day U.S. Treasury Bills auctioned for the preceding calendar quarter (the "Index") plus 3.10% rounded up to the nearest one-eighth of one percent. The Index is published by the Federal Reserve Board. If the Index is no longer available, you will choose a comparable substitute. The Interest Rate will be adjusted on a quarterly basis. In no event will the rate be more than the maximum rate allowed under Pennsylvania law.
4. "Interim Period" means the period beginning on the initial Disbursement Date and ending six months after I graduate or cease to be enrolled (for any reason) at least half-time at the School.
5. "Repayment Period" means the period beginning on the day after the Interim Period ends. The Repayment Period will continue for up to 240 mos., unless extended by the Lender at its sole option.
6. "Statement Period" - I will receive statements on my loan at the address shown on your records (see paragraph XI, Notices). The period of time covered by a statement is called a "Statement Period". During the Interim Period, I will receive quarterly statements on my loan, which will cover Statement Periods beginning on the Disbursement Date and thereafter on the same day of each following month. During the Repayment Period you will send me monthly statements on my loan, which will cover Statement Periods beginning on the first day of the Repayment Period and on the same day of each following month. I am not relieved of my responsibility and obligation to make payments on my loan if I do not receive such statements.
7. "Principal" means the loan amount requested, to the extent it is advanced to me or paid on my behalf, plus any other amounts that may be added to the principal of my loan as provided in this Note, including without limitation, the guarantee fee(s), interest, interest on any unpaid accrued interest added to Principal, late charges, and in the event of default, costs of collection and reasonable attorney's fees.
8. "School" means the institution of higher education named above or another institution currently eligible for participation in the program as defined by TERI and the Lender.
9. "Affiliate" means persons related by common ownership or affiliated by corporate control with any holder of this Note, and the agents of such persons.

## NOTICE TO CO-SIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The Lender can collect this debt from you without first trying to collect from the borrower. The Lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING BOTH PAGES OF IT, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE READ IT, THAT I UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS OF THE NOTE (ON BOTH SIDES) INCLUDING THE NOTICE TO THE CO-SIGNER, WHERE APPLICABLE, THAT IT CONTAINS NO BLANK SPACES AND THAT I HAVE RECEIVED AN EXACT COPY. I UNDERSTAND THAT EACH PERSON SIGNING THIS NOTE IS JOINTLY AND SEVERALLY LIABLE FOR ALL OBLIGATIONS TO YOU AND THAT THIS IS AN EDUCATION LOAN THAT MUST BE REPAID. THIS IS A NOTE UNDER SEAL.

[signature] Signature of Borrower | David Harris Typed or Printed Name of Borrower | 11/6-06 Date

Signature of Co-Signer | Typed or Printed Name of Co-signer | Date

NOV 13 2006

PHEAA COPY

AUG-18-2005 THU 10:48 AM loan orig FAX NO. 7177203834 P. 03

**SECTION I. Student Borrower Information** — Keystone EXTRA LOAN APPLICATION — Please print neatly or type. See instructions for assistance.

1. Borrower's First Name: David | Middle Initial: E | Last Name: Harris | 2. Date of Birth: | 3. Social Security No.: -1366
4. Permanent Mailing Address: 2041 Walnut St. | City: Philadelphia | State: PA | Zip: 19103 | 5. Years/Months There: Yr. Mos. 2
6. Previous Address (if less than two (2) years at above address): 107 S. 21st | City: Philadelphia | State: PA | Zip: 19103 | 7. Years/Months There: Yr. 1 Mos.
8. Phone (267) 241-6168 Alternate ( ) - | 9. ☒ U.S. Citizen ☐ Other ☐ Permanent Resident Alien | 10. Enrollment: ☒ Full-time ☐ Half-time ☐ Less Than Half-Time | 11. Grade Level: Undergrad. 1☐ 2☐ 3☒ 4☐ 5☐ Graduate 6☐ 7☐ 8☐ 9☐ | 12. Expected Grad. Date: Mon. 05 Yr. 07
13. Have You Ever Defaulted On A Student Loan or Declared Bankruptcy: ☐Yes ☒No | 14. Have You Ever Borrowed Through TERI Before: ☐Yes ☒No | 15. Name of College or School you will attend: Temple University – Ambler Campus
City: Philadelphia | State: PA | 16. School Code: 003371 04 | 17. $ [illegible] .00 AMOUNT REQUESTED annual minimum $1,500.00; annual maximum, please see instructions
18. Name of Employer: Starbucks Coffee Co. | 19. Employer's Address: 10th and Chestnut St | City: Philadelphia | State: PA | Zip: 19101
20. Years/Months There: Yr. 2 Mos. 4 (see instructions if less than 24 mos.) | 21. ☒ Salaried ☐ Self-Employed ☐ Retired | 22. Bus. Phone ( ) - | 23. Gross Monthly Income $ 1,000 – 1,500 –
24. Other Gross Monthly Income $ N/A | 25. Source of Other Monthly Income N/A | IMPORTANT: Alimony, child support, or separate maintenance income do not have to be revealed if you do not wish to have them considered as a basis for repaying this obligation. | 26. Alimony/Child Support Payment (monthly) $ N/A
27. Nearest Relative or Friend Not Living With You First Name: Dan | Middle Initial | Last Name: McVay | Home Phone ( ) Bus. Phone ( )
28. Street Address | City | State | Zip
29. Nearest Relative or Friend Not Living With You First Name: Katie | Middle Initial | Last Name: Gurnsley | Home Phone ( ) Bus. Phone ( ) -
30. Street Address | City | State | Zip

**SECTION II. Co-Signer Information**

31. Co-Signer's First Name | Middle Initial | Last Name | 32. Date of Birth / / | 33. Social Security Number
34. Permanent Address | City | State | Zip | Home Phone ( ) -
35. ☐Rent ☐Live w/ Others ☐Own/Buying | 36. Years/Months There: Yr. Mos. | 37. Driver's License Number | Drivers License State
38. Monthly Rent/Mortgage Payment (including home equity) $ | 39. ☐U.S. Citizen ☐Permanent Resident Alien ☐Other
40. Previous Address (if less than two (2) years at above address) | City | State | Zip | 41. Years/Months There: Yr. Mos.
42. Name of Employer | 43. Employer's Address | City | State | Zip
44. Years/Months There: Yr. Mos. (see instructions if less than 24 mos.) | 45. ☐Salaried ☐Self-Employed ☐Retired | 46. Business Phone ( ) -
IMPORTANT: Alimony, child support, or separate maintenance income do not have to be revealed if you do not wish to have them considered as a basis for repaying this obligation. | 47. Gross Monthly Income $ | 48. Other Gross Monthly Income $ | 49. Source of Other Monthly Income
50. Alimony/Child Support Payment (monthly) $ | 51. Have You Ever Borrowed Through TERI Before: ☐Yes ☐No | 52. Have You Ever Defaulted On A Student Loan or Declared Bankruptcy: ☐Yes ☐No If Yes Please Explain:

**SECTION III. Student Borrower's and Co-Signer's Income Verification**

Please refer to this section on the attached "Application Borrower and Co-Signer Instruction" form.

**SECTION IV. Certification & Signatures**

Disclosure Statement: To the best of my knowledge, everything disclosed on this form is true and complete. I authorize the Lender and The Education Resources Institute ("TERI"), and/or my school to use any information on this application for obtaining my address. I hereby authorize the Lender, TERI and their agents, subsequent holders and the guarantor to disclose, discuss and make inquiries regarding any information relating to this application and the loan based upon this application whenever the disclosure of the information is necessary for the processing of this application or the servicing, transfer, or collection of the loan. This information about my application and my loan account may be furnished and shared during the life of the loan with subsequent holders of the loan, contractors and agents who assist the Lender, TERI, or their respective subsidiaries and affiliates, credit bureaus, parents or relatives listed on the loan application, guarantor or federal or state agencies or private parties who may be able to provide information necessary for the processing of my loan application or to assist in the servicing or collection of the loan and others who require the Lender or TERI to verify the condition and existence of my loan. I understand I will be sent a disclosure and will have the option to choose my repayment plan after my loan is disbursed. A copy of this authorization may be deemed to be an original. I understand that the proceeds from this loan are to be used for educational expenses only. PLEASE REVIEW BOTH SIDES OF THE FORM BEFORE SIGNING.

53. [signature] Student Borrower Signature — Date 8/18-05

54. Co-Signer Signature — Date

K 05001927

## I. PROMISE TO PAY

I promise to pay to the order of Pennsylvania Higher Education Assistance Agency (PHEAA), or any subsequent holder of this Note, upon the terms and conditions of this Note, the Principal amount, together with interest on the Principal, interest on any unpaid accrued interest added to Principal, prepaid finance charge and all other costs, fees and expenses.

## II. DEFINITIONS

1. "I", "me", "my" and "mine" mean the undersigned borrower and co-signer individually and collectively. "You", "your", "yours" and "Lender" means the initial lender and holder of this Note, PHEAA, P.O. Box 2165, Harrisburg, PA 17105-2165. The Education Resources Institute, Inc. ("TERI") in its role as guarantor and any subsequent holder of this Note.
2. "Disbursement Date" means the date(s) on which you disburse funds to me or on my behalf in consideration for this Promissory Note. If my loan is disbursed by check, it will be the date shown on the loan check (not the date on which I endorse or negotiate my check); otherwise, it will be the date my loan funds are transferred to the School.
3. "Interest Rate" means a variable rate calculated by the Lender or its agent based on the average of the bond equivalent rate for the ninety-one day U.S. Treasury Bills auctioned for the preceding calendar quarter (the "Index") plus 3.15% rounded up to the nearest one-eighth of one percent. The Index is published by the Federal Reserve Board. If the Index is no longer available, you will choose a comparable substitute. The Interest Rate will be adjusted on a quarterly basis. In no event will the rate be more than the maximum rate allowed under Pennsylvania law.
4. "Interim Period" means the period beginning on the initial Disbursement Date and ending six months after I graduate or cease to be enrolled (for any reason) at least half-time at the School.
5. "Repayment Period" means the period beginning on the day after the Interim Period ends. The Repayment Period will continue for up to 240 mos., unless extended by the Lender at its sole option.
6. "Statement Period" - I will receive statements on my loan at the address shown on your records (see paragraph XI, Notices). The period of time covered by a statement is called a "Statement Period". During the Interim Period, I will receive quarterly statements on my loan, which will cover Statement Periods beginning on the Disbursement Date and thereafter on the same day of each following month. During the Repayment Period you will send me monthly statements on my loan, which will cover Statement Periods beginning on the first day of the Repayment Period and on the same day of each following month. I am not relieved of my responsibility and obligation to make payments on my loan if I do not receive such statements.
7. "Principal" means the loan amount requested, to the extent it is advanced to me or paid on my behalf, plus any other amounts that may be added to the principal of my loan as provided in this Note, including without limitation, the guarantee fee(s), interest, interest on any unpaid accrued interest added to Principal, late charges, and in the event of default, costs of collection and reasonable attorney's fees.
8. "School" means the institution of higher education named above or another institution currently eligible for participation in the program as defined by TERI and the Lender.
9. "Affiliate" means persons related by common ownership or affiliated by corporate control with any holder of this Note, and the agents of such persons.

## NOTICE TO CO-SIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The Lender can collect this debt from you without first trying to collect from the borrower. The Lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING BOTH PAGES OF IT, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE READ IT, THAT I UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS OF THE NOTE (ON BOTH SIDES) INCLUDING THE NOTICE TO THE CO-SIGNER, WHERE APPLICABLE, THAT IT CONTAINS NO BLANK SPACES AND THAT I HAVE RECEIVED AN EXACT COPY. I UNDERSTAND THAT EACH PERSON SIGNING THIS NOTE IS JOINTLY AND SEVERALLY LIABLE FOR ALL OBLIGATIONS TO YOU AND THAT THIS IS AN EDUCATION LOAN THAT MUST BE REPAID. THIS IS A NOTE UNDER SEAL.

[signature] Signature of Borrower — David E. Harris Typed or Printed Name of Borrower — 8/18-05 Date

Signature of Co-Signer — Typed or Printed Name of Co-Signer — Date

 AUG 25 2005

OE CODE 828924KX 5/10/07 20207 0?6959

**SECTION I. Student Borrower Information — EXTRACT FROM APPLICATION** Please print neatly or type. See instructions for assistance

| 1. Borrower's First Name | Middle Initial | Last Name | 2. Date of Birth | 3. Social Security No. |
|---|---|---|---|---|
| David | E | Harris | [redacted] | [redacted] 1366 |

| 4. Permanent Mailing Address | City | State | Zip | 5. Years/Months There |
|---|---|---|---|---|
| 248 S. Camac St. | Philadelphia | PA | 19107 | Yr. 1 yr Mos. 1 mth |
| 6. Previous Address (if less than two (2) years at above address) 2041 Walnut St. | Philadelphia | PA | 19103 | 7. Years/Months There: Yr. 1 yr Mos. |

8. Phone (267) 241-6168 Alternate ( ) 9. ☒ U.S. Citizen ☐ Other ☐ Permanent Resident Alien 10. Enrollment: ☐ Full-time ☒ Half-time ☐ Less Than Half-Time 11. Grade Level: Undergrad. 1☐ 2☐ 3☐ 4☒ 5☐ Graduate 6☐ 7☐ 8☐ 9☐ 12. Expected Grad. Date: Mon. 8 Yr. 2007

13. Have You Ever Defaulted On A Student Loan or Declared Bankruptcy: ☐ Yes ☒ No 14. Have You Ever Borrowed Through TERI Before: ☒ Yes ☐ No 15. Name of College or School you will attend: Temple University

City Philadelphia State PA 16. School Code 828924KX 17. $ 2,500 .00 AMOUNT REQUESTED annual minimum $1,500.00; annual maximum, please see instructions

18. Name of Employer Starbucks Coffee Co. 19. Employer's Address 1001 Chestnut St. City Philadelphia State PA Zip 19107

20. Years/Months There: Yr. 4 Mos. 1 (see instructions if less than 24 mos.) 21. ☒ Salaried ☐ Self-Employed ☐ Retired 22. Bus. Phone (215) 951-5149 23. Gross Monthly Income $ 675

24. Other Gross Monthly Income $ 25. Source of Other Monthly Income IMPORTANT: Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not wish to have them considered as a basis for repaying this obligation. 26. Alimony/Child Support Payment (monthly) $

27. Nearest Relative or Friend Not Living With You First Name Don McVay Middle Initial Last Name McVay Home Phone ( ) Bus. Phone [redacted]

28. Street Address [redacted] City [redacted] State [redacted] Zip [redacted]

29. Nearest Relative or Friend Not Living With You First Name Kate Gormley Middle Initial Last Name Gormley Home Phone [redacted] Bus. Phone ( ) [redacted]

30. Street Address [redacted] City [redacted] State [redacted] Zip [redacted]

**SECTION II. Co-Signer Information**

31. Co-Signer's First Name Middle Initial Last Name 32. Date of Birth / / 33. Social Security Number

34. Permanent Address City State Zip Home Phone ( ) -

35. ☐ Rent ☐ Live w/ Others ☐ Own/Buying 36. Years/Months There: Yr. Mos. 37. Driver's License Number Drivers License State

38. Monthly Rent/Mortgage Payment (including home equity) $ 39. ☐ U.S. Citizen ☐ Permanent Resident Alien ☐ Other

40. Previous Address (if less than two (2) years at above address) City State Zip 41. Years/Months There: Yr. Mos.

42. Name of Employer 43. Employer's Address City State Zip

44. Years/Months There: Yr. Mos. (see instructions if less than 24 mos.) 45. ☐ Salaried ☐ Self-Employed ☐ Retired 46. Business Phone ( ) -

IMPORTANT: Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not wish to have them considered as a basis for repaying this obligation. 47. Gross Monthly Income $ 48. Other Gross Monthly Income $ 49. Source of Other Monthly Income

50. Alimony/Child Support Payment (monthly) $ 51. Have You Ever Borrowed Through TERI Before: ☐ Yes ☐ No 52. Have You Ever Defaulted On A Student Loan or Declared Bankruptcy: ☐ Yes ☐ No If Yes Please Explain:

**SECTION III. Student Borrower's and Co-Signer's Income Verification**

Please refer to this section on the attached "Application Borrower and Co-Signer Instruction" form.

**SECTION IV. Certification & Signatures**

Disclosure Statement: To the best of my knowledge, everything disclosed on this form is true and complete. I authorize the Lender and The Education Resources Institute ("TERI"), and/or my school to use any information on this application for obtaining my address. I hereby authorize the Lender, TERI and their agents, subsequent holders and the guarantor to disclose, discuss and make inquiries regarding any information relating to this application and the loan based upon this application whenever the disclosure of the information is necessary for the processing of this application or the servicing, transfer, or collection of the loan. The information about my application and my loan account may be furnished and shared during the life of the loan with subsequent holders of this loan, contractors and agents who assist the Lender, TERI, or their respective subsidiaries and affiliates, credit bureaus, parents or relatives listed on the loan application, guarantors, federal or state agencies or private parties who may be able to provide information necessary for the processing of my loan application or to assist in the servicing or collection of the loan, and others who require the Lender or TERI to verify the condition and existence of my loan. I understand I will be sent a disclosure and will have the option to choose my repayment plan after my loan is disbursed. A copy of this authorization may be deemed to be an original. I understand that the proceeds from this loan are to be used for educational expenses only. **PLEASE REVIEW BOTH SIDES OF THE FORM BEFORE SIGNING.**

53. Student Borrower Signature [signature] Date 5/7-07

54. Co-Signer Signature Date

K07000216

## I. PROMISE TO PAY

I promise to pay to the order of Pennsylvania Higher Education Assistance Agency (PHEAA), or any subsequent holder of this Note, upon the terms and conditions of this Note, the Principal amount, together with interest on the Principal, interest on any unpaid accrued interest added to Principal, prepaid finance charge and all other costs, fees and expenses.

## II. DEFINITIONS

1. "I", "me", "my" and "mine" mean the undersigned borrower and co-signer individually and collectively. "You", "your", "yours" and "Lender" means the initial lender and holder of this Note, PHEAA, P.O. Box 2165, Harrisburg, PA 17105-2165. The Education Resources Institute, Inc. ("TERI") in its role as guarantor and any subsequent holder of this Note.
2. "Disbursement Date" means the date(s) on which you disburse funds to me or on my behalf in consideration for this Promissory Note. If my loan is disbursed by check, it will be the date shown on the loan check (not the date on which I endorse or negotiate my check); otherwise, it will be the date my loan funds are transferred to the School.
3. "Interest Rate" means a variable rate calculated by the Lender or its agent based on the average of the bond equivalent rate for the ninety-one day U.S. Treasury Bills auctioned for the preceding calendar quarter (the "Index") plus 3.15% rounded up to the nearest one-eighth of one percent. The Index is published by the Federal Reserve Board. If the Index is no longer available, you will choose a comparable substitute. This Interest Rate will be adjusted on a quarterly basis. In no event will the rate be more than the maximum rate allowed under Pennsylvania law.
4. "Interim Period" means the period beginning on the initial Disbursement Date and ending six months after I graduate or cease to be enrolled (for any reason) at least half-time at the School.
5. "Repayment Period" means the period beginning on the day after the Interim Period ends. The Repayment Period will continue for up to 240 mos., unless extended by the Lender at its sole option.
6. "Statement Period" - I will receive statements on my loan at the address shown on your records (see paragraph XI, Notices). The period of time covered by a statement is called a "Statement Period". During the Interim Period, I will receive quarterly statements on my loan, which will cover Statement Periods beginning on the Disbursement Date and thereafter on the same day of each following month. During the Repayment Period you will send me monthly statements on my loan, which will cover Statement Periods beginning on the first day of the Repayment Period and on the same day of each following month. I am not relieved of my responsibility and obligation to make payments on my loan if I do not receive such statements.
7. "Principal" means the loan amount requested, to the extent it is advanced to me or paid on my behalf, plus any other amounts that may be added to the principal of my loan as provided in this Note, including without limitation, the guarantee fee(s), interest, interest on any unpaid accrued interest added to Principal, late charges, and in the event of default, costs of collection and reasonable attorney's fees.
8. "School" means the institution of higher education named above or another institution currently eligible for participation in the program as defined by TERI and the Lender.
9. "Affiliate" means persons related by common ownership or affiliated by corporate control with any holder of this Note, and the agents of such persons.

## NOTICE TO CO-SIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The Lender can collect this debt from you without first trying to collect from the borrower. The Lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING BOTH PAGES OF IT, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE READ IT, THAT I UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS OF THE NOTE (ON BOTH SIDES) INCLUDING THE NOTICE TO THE CO-SIGNER, WHERE APPLICABLE, THAT IT CONTAINS NO BLANK SPACES AND THAT I HAVE RECEIVED AN EXACT COPY. I UNDERSTAND THAT EACH PERSON SIGNING THIS NOTE IS JOINTLY AND SEVERALLY LIABLE FOR ALL OBLIGATIONS TO YOU AND THAT THIS IS AN EDUCATION LOAN THAT MUST BE REPAID. THIS IS A NOTE UNDER SEAL.

[signature] Signature of Borrower — David E. Harris Typed or Printed Name of Borrower — 5/7-07 Date

Signature of Co-Signer — Typed or Printed Name of Co-signer — Date

MAY 21 2007 MAY 10 2007

AL-KEYAP 01/99

PHEAA COPY



**TEMPLE UNIVERSITY**
OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION
PHILADELPHIA, PENNSYLVANIA 19122

Not an official transcript without the seal and signature of the Registrar

PAGE 01 OF 02
DATE [illegible]
TIME 01:16 PM

HARRIS, DAVID E
[illegible] E CANAL ST APT 2D
PHILADELPHIA PA 19107-[illegible]
STUDENT # *****1366
[illegible]
COL LIBERAL ARTS
DEPT RELIGION

| DEPARTMENT | COURSE | COURSE TITLE | CREDITS | GRADE |
|---|---|---|---|---|
| UNDERGRADUATE ADMISSION FALL 2003 | | | | |
| B.A. | | AWARDED [illegible] | | |
| COLLEGE LIBERAL ARTS | | MAJOR: RELIGION | | |
| MINOR IN POLITICAL SCIENCE | | | | |
| TRANSFER CREDIT | | | | |
| [illegible] HILL COLLEGE | | | | |
| 2001-2003 | | TR HRS 47.0 | | |
| FALL 2003 | | LIBERAL ARTS | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| ENGLISH | [illegible] | INTRO TO LITERATURE | [illegible] | [illegible] |
| [illegible] | [illegible] | ART AND SOCIETY | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| SEM HRS | CTD [illegible] | PTD [illegible] | PTS [illegible] | GPA [illegible].42 |
| SPRING 2004 | | LIBERAL ARTS | | |
| [illegible] | [illegible] | [illegible] | [illegible] | WD |
| [illegible] | [illegible] | [illegible] | [illegible] | WD |
| PHILOS | [illegible] | [illegible] PHILOS/SCI | [illegible] | WD |
| [illegible] | [illegible] | [illegible] | [illegible] | WD |
| PHILOS | [illegible] | [illegible] | [illegible] | WD |
| SEM HRS | CTD 0.0 | PTD 0.0 | PTS 0.00 | GPA [illegible] |
| SPRING 2005 | | LIBERAL ARTS | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| SEM HRS | CTD [illegible] | PTD [illegible] | PTS [illegible] | GPA [illegible] |
| [illegible] 2005 | | LIBERAL ARTS | | |
| REL | [illegible] | INTRO TO ASIAN RELIGIONS | 3.0 | A |
| SEM HRS | CTD 3.0 | PTD 3.0 | PTS 12.00 | GPA 4.00 |
| 2ND [illegible] 2005 | | LIBERAL ARTS | | |
| PHILOS | [illegible] | INTRODUCTION TO LOGIC | 3.0 | WD |
| SEM HRS | CTD 0.0 | PTD 0.0 | PTS 0.00 | GPA [illegible] |
| FALL [illegible] | | LIBERAL ARTS | | |
| POL SCI | [illegible] | [illegible] | [illegible] | [illegible] |
| POL SCI | [illegible] | [illegible] POLITICAL [illegible] | [illegible] | [illegible] |
| POL SCI | [illegible] | [illegible] POLITICS | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| POL SCI | [illegible] | [illegible] | [illegible] | [illegible] |
| SEM HRS | CTD 12.0 | PTD 12.0 | PTS 26.0[illegible] | GPA 2.[illegible] |
| SPRING 2006 | | LIBERAL ARTS | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| REL | [illegible] | [illegible] | [illegible] | [illegible] |
| SEM HRS | CTD [illegible] | PTD [illegible] | PTS [illegible] | GPA [illegible] |
| FALL 2006 | | LIBERAL ARTS | | |
| REL | [illegible] | [illegible] AND SOCIETY | [illegible] | [illegible] |
| REL | [illegible] | [illegible] RELIGIONS | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| REL | [illegible] | INTRODUCTION [illegible] BIBLE | 3.0 | [illegible] |
| SEM HRS | CTD 12.0 | PTD [illegible] | PTS [illegible] | GPA 2.[illegible] |

MEMORANDA

Medical Withdrawal

Medical Withdrawal

THIS COPY ISSUED TO STUDENT

TEMPLE UNIVERSITY OFFICE OF THE REGISTRAR

[signature]
REGISTRAR

[illegible]

A BLACK AND WHITE TRANSCRIPT IS NOT AN ORIGINAL • GRADING SYSTEM EXPLANATION ON REVERSE



**TEMPLE UNIVERSITY**

OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION
PHILADELPHIA, PENNSYLVANIA 19122

Not an official transcript without the seal and signature of the Registrar

HARRIS DAVID E
[illegible] CAMAC ST APT 2D
PHILADELPHIA PA 19107-[illegible]

STUDENT ID *******[illegible] 009[illegible]

COL LIBERAL ARTS
CURR RELIGION

| DEPARTMENT | COURSE | COURSE TITLE | CREDITS | GRADE |
| --- | --- | --- | --- | --- |
| SPRING 2007 | | LIBERAL ARTS | | |
| [illegible] | 0116 | [illegible] | [illegible] | C |
| REL | [illegible] | [illegible] RELIGION | [illegible] | [illegible] |
| ELECTV | [illegible] | [illegible] | [illegible] | [illegible] |
| REL | 0157 | TRADITIONAL [illegible] AFRICA | [illegible] | [illegible] |
| REL | [illegible] | [illegible] OF RELIGION | [illegible] | [illegible] |
| SEM HRS | CPD 15.0 PSD 15.0 [illegible] 42.90 | | | GPA 2.86 |
| 2ST SS 2007 | | LIBERAL ARTS | | |
| REL | [illegible] | [illegible] | [illegible] | [illegible] |
| APS ANE | [illegible] | [illegible] | [illegible] | [illegible] |
| APS ANE | [illegible] | [illegible] | [illegible] | [illegible] |
| SEM HRS | CPT [illegible] PSD [illegible] [illegible] | | | GPA [illegible] |
| CUM HRS | CPD 81.0 PSD [illegible] [illegible] 202.99 | | | GPA 2.56 |

** END DOCUMENT **

MEMORANDA

THIS COPY ISSUED TO STUDENT

TEMPLE UNIVERSITY

REGISTRAR

In compliance with the Family Educational Rights and Privacy Act of 1974, this information is released on the condition that the recipient shall not permit any other party to have access to such information without the written consent of the student.

A BLACK AND WHITE TRANSCRIPT IS NOT AN ORIGINAL • GRADING SYSTEM EXPLANATION ON REVERSE

COVENANT HOUSE PENNSYLVANIA

August 18, 2003

Tennant Action Group
21 S. 12th Street
Philadelphia, PA

To Whom It May Concern:

I am writing on behalf of David Harris, social security number 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 , born on June 5, 1982. For identification purposes David is an African American male with black hair and brown eyes. He is approximately 6 feet and weighs 158 pounds.

Despite being a resident of Philadelphia, David is currently homeless and is not receiving any source of income. He is residing at Covenant House Pennsylvania's crisis shelter. He has been involved with our program for some time, during which we have been able to develop a strong and positive relationship with him. Please accept this letter as verification of identity and mailing address. David can use the mailing address printed below for all purposes. If you have any questions, please do not hesitate to contact me. Thank you for your cooperation.

Sincerely,

Rachel Reis

Rachel Reis
Youth Advisor

Community Service Center: 417 Callowhill Street • Philadelphia, PA 19123 • (215) 923-8350 • Fax (215) 923-8365
Crisis Center: 31-43 East Armat Street • Philadelphia, PA 19144 • (215) 951-5411 • Fax (215) 951-5412
http://www.covenanthousepa.org

MAY 13, 2015

AMERICAN EDUCATION SERVICES
AUTO FORBEARANCE LOAN DECLARATION

ACCOUNT NUMBER: 59 4217 1699
NAME: DAVID E HARRIS

YOUR RECENT REQUEST FOR A FORBEARANCE HAS BEEN PROCESSED. LISTED BELOW ARE THE LOANS THAT WERE AFFECTED BY YOUR REQUEST.

DLQ = This is a forbearance that was applied to cover payments that were due prior to your Temporary Hardship Forbearance.
FRB = This is the Temporary Hardship Forbearance that you requested.

| LOAN PROGRAM | DATE DISB | CURRENT OWNER | ACTION |
|---|---|---|---|
| KEYX | 09/28/2005 | PHEAA SEC | DENIED TEMP HARDSHIP - LOAN IS NOT ELIGIBLE FOR THIS FORB |
| FEDERAL AGENCY: | FEDERAL TRADE COMMISSION | | |
| KEYX | 11/20/2006 | PHEAA SEC | DENIED TEMP HARDSHIP - LOAN IS NOT ELIGIBLE FOR THIS FORB |
| FEDERAL AGENCY: | FEDERAL TRADE COMMISSION | | |
| KEYX | 06/07/2007 | PHEAA SEC | DENIED TEMP HARDSHIP - LOAN IS NOT ELIGIBLE FOR THIS FORB |
| FEDERAL AGENCY: | FEDERAL TRADE COMMISSION | | |
| STFFRD | 11/04/2009 | PNC BANK | APPROVED: DLQ 03/08/15 - 05/10/15 & FRB 05/11/15 - 05/31/15 |
| UNSTFD | 11/04/2009 | PNC BANK | APPROVED: DLQ 03/08/15 - 05/10/15 & FRB 05/11/15 - 05/31/15 |

(handwritten: 10yrs, 9yr, 7 3/4 yr)

Federal Trade Commission
400 7th St. SW
Washington, DC 20024

600 Pennsylvania Ave, NW
Washington, DC 20580

* Fed Loans Servicing
1-888-205-4038
M-F

TSXQ2:PS06BF101J
5942171699 5942171699 MR 00112151320000267



HARMONY MENTAL HEALTH SERVICES, INC.
2400 Chestnut St. Philadelphia, PA 19103 • Phone: (215) 568-5900 • Fax: (215) 568-5903

## Psychiatric Evaluation

Assessment Date: 5/15/08 Patient Name: David Harris

DOB: 6/5/82 ID# 803382369 PCP: Dr DiBono

**HPI:** 25 y/o man referred for evaluation. Pt presents with symptoms of labile moods; hypomanic, depressed, anxious, with some obsessive. Pt apparently abuses alcohol periodically. Denies specific stress at this time. Pt is not suicidal or homicidal

**Past Psychiatric Hx:** pt dx with bipolar disorder. Did not respond to various medications.

**Past Medical Hx:** denied

**Family Psychiatric Hx:** +substance abuse, schizophrenia

**Social Hx:** lives alone, works in a cafe

**MSE:** 25 y/o man long hair, casually dressed. No abnormal motor/speech. Pt with disorganization of thought, no overt psychosis. Mood is anxious. Symptoms as noted above. Sensorium intact

**Impression:**

Axis I 296.9 Mood Disorder nos
Axis II def
Axis III none
Axis IV ?
Axis V Current GAF: 50 Highest GAF Past Years: ?

**Plan:** Geodon 80 mg bid, rtc 3 weeks. Discussed risks, benefits, and side effects with patient.

David Monheit, MD
Psychiatrist

DM/mgm